UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| PAULA JACKSON (as an individual and on the behalf of similarly situated persons), </br></br>  Plaintiff, </br></br> v. </br></br> LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., </br></br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case: 3:24-cv-01812 </br></br> Jury Trial Demanded |

## COMPLAINT

Plaintiff, Paula Jackson ("Plaintiff"), and on behalf of similarly situated individuals, by and through the undersigned counsel, hereby files this Complaint against Love's Travel Stops & Country Stores, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

2. Additionally, this lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week, but Defendant did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

3. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a)

("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

5. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Paula Jackson, resides in Jefferson County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Love's Travel Stops & Country Stores, Inc. is an entity doing business in and for Jefferson County whose address is 202 North Avenue, Ina, Illinois 62846-1001.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. Plaintiff worked for Defendant as a Fresh Foods Manager from on or about April 11, 2022, through on or about May 9, 2024.

15. Since at least August 2022 through May 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. Plaintiff is female and is a member of a protected class because of her sex.

17. Recently, a new General Manager, Lance (LNU), began tampering with timecards, in collaboration with the Area Manager, to avoid paying overtime to Plaintiff and the rest of the team.

18. This occurred despite the presence of two General Managers.

19. Plaintiff often found herself working 50-60 hours per week but not receiving any

overtime pay for it.

20. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

21. Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

22. Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23. Defendant is an "employer" within the meaning of 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to as the "Employer."

24. Plaintiff routinely worked over forty (40) hours or more in a work week, but Defendant just paid 80 hours on each paycheck regardless of Plaintiff working more than 80 hours in the bi-weekly pay period, regularly working one hundred (100) to one hundred and twenty (120) hours in a pay period.

25. In all workweeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendant did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

26. Not only did Defendant fail to pay Plaintiff time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendant failed to pay Plaintiff any sum at all for hours worked in excess of forty (40) hours within a work week.

27. As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

28. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

29. Unfortunately, missed wages were not the only unlawful employment practice Plaintiff would experience.

30. In or around August 2022, a manager named Mike Taulbee sent an inappropriate text to Plaintiff's husband, insinuating derogatory remarks about Plaintiff.

31. For example, he sent a text stating "your lady is a dick feen, you need any help with that?" to which Plaintiff's husband responded "wtf."

32. This behavior persisted over the years, with Mike's actions becoming increasingly problematic and offensive.

33. Mike would also take pictures of Plaintiff's behind and send them to her husband.

34. Further, Mike would bring his face close to Plaintiff's behind, violating her personal space and leaving Plaintiff fearful that he would grope or touch her.

35. By March 2024, Plaintiff felt compelled to speak directly with Mike to oppose the harassment, expressing the inappropriateness of his texts to Plaintiff's husband.

36. In response, Mike began scheduling Plaintiff's husband, who also works for Defendant, for shifts on Tuesdays, fully aware that Plaintiff and her husband lacked childcare on that day.

37. Consequently, Plaintiff's husband had to call out, resulting in a verbal warning.

38. It became clear to Plaintiff that this act was in retaliation for Plaintiff's opposition against sexual harassment committed by Mike.

39. Due to Mike's lack of apology and lack of willingness to cease the harassing

conduct, on or about April 22, 2024, Plaintiff took the step of reporting both the wage and hour issue and the ongoing sexual harassment to Human Resources ("HR").

40. Unfortunately, on or about May 9, 2024, just days after engaged in protected activity, Plaintiff was terminated by the Area Manager under the pretext of participating in the misconduct Plaintiff had reported regarding Mike's inappropriate behavior.

41. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment, as evidenced by the lack of write-ups or negative performance remarks in her file.

42. Plaintiff was unlawfully terminated because of her sex, (female) on May 9, 2024.

43. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

44. Plaintiff reported the sexual harassment to Defendant.

45. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

46. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to as it was committed by Defendant's employee who held supervisory authority.

47. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to HR about the harassment.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff asserts her Count I and Count II claims, pursuant to 29 § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

49. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**216(b) Class: All current and former employees of Love's Travel Stops & Country Stores, Inc. who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

50. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Overtime
**(Plaintiff on her own behalf and on behalf of all similarly situated employees)**

51. Plaintiff hereby repeats and incorporates paragraphs 1-50 as if set forth fully herein.

52. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

53. During the course of her employment by Defendant, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

54. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, well in excess of forty (40) hours per week in one or more individual workweeks.

55. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

56. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

57. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime
**(Plaintiff on her own behalf and on behalf of all similarly situated employees)**

58. Plaintiff hereby repeats and incorporates paragraphs 1-50 as if set forth fully herein.

59. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

60. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

61. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

62. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

63. Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times her normal hourly rate of pay for all hours worked in excess of forty (40) hours per

week.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

64. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66. Defendant knew or should have known of the harassment.

67. The sexual harassment was severe or pervasive.

68. The sexual harassment was offensive subjectively and objectively.

69. The sexual harassment was unwelcomed.

70. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

73. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

74. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

75. Plaintiff met or exceeded performance expectations.

76. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

77. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

78. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

79. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

80. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

81. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

82. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

83. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

84. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e, *et seq.*

85. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

86. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

87. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

88. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment and/or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

89. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

90. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Fair Labor Standards Act – Retaliation**
**(Plaintiff individually only)**

91. Plaintiff hereby repeats and incorporates paragraphs 1-50 as if set forth fully herein.

92. This count arises from Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their retaliation against Plaintiff for engaging in protected activity.

93. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

94. Plaintiff was directed by Defendants to work, and did work, and was not paid overtime for all hours worked in excess of forty hours in a work week.

95. Pursuant to 29 U.S.C. §215, Plaintiff engaged in protected activity under the FLSA when she complained to Defendant about not being paid overtime wages for all hours worked in excess of forty hours.

96. As such, Plaintiff was protected from retaliation under the FLSA as a result of her inquiries about wages owed.

97. Plaintiff suffered an adverse employment action when she was terminated.

98. As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her overtime wages owed for all hours worked, Plaintiff was terminated.

99. Defendant's termination of Plaintiff following Plaintiff's engagement in protected activity was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §215.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, prays for a judgment against Defendant as follows:

   a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked;

   b. Liquidated damages in an amount equal to the amount of compensation found due;

   c. Reasonable attorneys' fees and costs incurred in filing this action; and

   d. For such other and further relief as this Court deems appropriate and just.

WHEREFORE, Plaintiff, individually, demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Punitive damages;

    h.    Reasonable attorney's fees and costs; and

    i.    For any other relief this Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of July, 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*